**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARIO EVANS,

        Petitioner,               Case Number: 05-CV-74075

v.                                  HON. GERALD E. ROSEN

RAYMOND BOOKER,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR CONSOLIDATION**
**OF HABEAS ACTIONS AND GRANTING PETITIONER'S MOTION**
**FOR ENLARGEMENT OF TIME**

      Petitioner Mario Evans has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the Court are Petitioner's Motion for Consolidation of Habeas Actions and Motion for Enlargement of Time to File Responsive Pleading to Respondent's Answer to Petition for Writ of Habeas Corpus.

      Petitioner has moved to consolidate this case with another habeas action which is pending in this District before the Honorable Nancy G. Edmunds. *See* Evans v. Booker, No. 05-cv-74130. Petitioner alleges that these cases involve a common question of law and fact regarding the admissibility of Petitioner's custodial statement.

      Companion cases are those "cases in which it appears that (i) substantially similar evidence will be offered at trial, or (ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence." Local Rule 83.11(b)(7)(A) (E.D. Mich. Oct. 1, 2003). Cases may be reassigned and related cases may be consolidated "[t]o promote judicial efficiency." Local Rule 83.11(b)(3) (E.D. Mich. Oct. 1, 2003).

      Petitioner's habeas petitions challenge different convictions. The case pending before the

undersigned challenges Petitioner's 2001 convictions for first-degree murder and related firearm offenses. Those convictions arose from a shooting that occurred in Detroit, Michigan. In his petition currently pending before Judge Edmunds, Petitioner challenges his 2002 convictions for second-degree murder and felon in possession of a firearm. Those convictions arose from an incident that occurred on February 6, 2001. Although the same judge presided over both trials, the cases were not consolidated at trial or on appeal. Because Petitioner's two habeas petitions challenge convictions arising from unrelated occurrences, the Court concludes that the two cases are not companion cases, nor would consolidation promote judicial efficiency. The Court, therefore, shall deny Petitioner's Motion for Consolidation of Habeas Actions.

Also before the Court is Petitioner's Motion for Enlargement of Time Within Which to File Responsive Pleading to Respondent's Answer to Petition for Writ of Habeas Corpus. The Court shall grant Petitioner's Motion.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Consolidation of Habeas Actions is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Enlargement of Time Within Which to File Responsive Pleading to Respondent's Answer to Petition for Writ of Habeas Corpus is **GRANTED**. Petitioner shall have until November 4, 2006 to file a reply to Respondent's answer.

s/Gerald E. Rosen  
Gerald E. Rosen  
United States District Judge

Dated: September 29, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2006, by electronic and/or ordinary mail.

                                          s/LaShawn R. Saulsberry
                                          Case Manager