**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARIO EVANS,

        Petitioner,                        Case Number: 05-CV-74075

v.                                                HONORABLE GERALD E. ROSEN

RAYMOND BOOKER,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Mario Evans filed a *pro se* petition for a writ of habeas corpus challenging his convictions for first-degree murder, possession of a firearm by a felon, and possession of a firearm during the commission of a felony. On August 30, 2007, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Petitioner has filed a Motion for Certificate of Appealability and a Motion to Proceed *In Forma Pauperis* on Appeal.

Before Petitioner can appeal the Court's decision, a certificate of appealability under 28 U.S.C. § § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the petition is dismissed on procedural grounds, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Id. (quoting Barefoot v. Estelle, 463 U.S. 890, 898 n.4 (1983)).

Petitioner's three claims for habeas corpus relief all pertain to the performance of trial counsel. First, Petitioner argued that counsel was ineffective in failing to move to suppress the lineup identification and his custodial statement, because both were the product of an unreasonable pre-arraignment delay. The Michigan Court of Appeals held that, under the totality of the circumstances, the confession was voluntary. Petitioner failed to show this conclusion was contrary to or an unreasonable application of Supreme Court precedent. Thus, in light of the fact that no controlling Supreme Court precedent requires suppression under these circumstances and the state court's conclusion that the confession was voluntary, Petitioner failed to show a reasonable probability that, had counsel moved suppress the statement based on the alleged delay in arraignment, the motion would have been granted. Thus, the Court concluded counsel was not ineffective for failing to move to seek suppression on this basis.

Second, Petitioner claimed that his attorney should have moved to suppress the lineup identification on the ground that it was tainted by the delayed arraignment. The Michigan Court of Appeals held that Petitioner failed to show how the lineup was tainted by the delayed arraignment. Because the court of appeals held that the lineup was not tainted, the court of appeals also held that counsel was not ineffective for failing to object to a proper lineup. Petitioner failed to show that the Michigan Court of Appeals' application of Michigan law to determine that a motion to suppress likely would have been meritless was incorrect. Therefore, Petitioner's claims lack merit and, this Court held, he could not establish that his attorney was

2

ineffective for failing to raise them.

Finally, Petitioner claimed that his attorney was ineffective in failing to seek appointment of an expert witness on identification or to request a cautionary jury instruction regarding the dangers of misidentification. Petitioner sought such an expert witness or instruction to address the testimony of an eyewitness who placed him at the scene of the shooting. Petitioner's own statements, however, also placed him at the scene of the shooting. Moreover, Petitioner's attorney adeptly cross-examined the eyewitness regarding factors, such as distance and lighting, which may have hindered the identification. The Michigan Court of Appeals held that the jury was given an adequate instruction regarding witness credibility and identification and that Petitioner's attorney was not ineffective in failing to request an additional or different instruction or in failing to call an expert witness. This Court held that the Michigan Court of Appeals' decision was not contrary to or an unreasonable application of Supreme Court precedent.

The Court finds that jurists of reason would not find the Court's assessment of the foregoing claims to be debatable or wrong. *See* Slack, 120 S. Ct. at 1604. Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability.

Also before the Court is Petitioner's Motion to Proceed *In Forma Pauperis* on Appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." U.S. v. Cahill-Masching, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in

3

good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). While the Court held that jurists of reason would not find the Court's assessment of the claims presented in Petitioner's habeas corpus petition to be debatable or wrong, the Court finds that an appeal may be taken in good faith. The Court, therefore, shall grant the Motion to Proceed *In Forma Pauperis* on Appeal.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **DENIED** and his Motion to Proceed *In Forma Pauperis* on Appeal is **GRANTED**.

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: November 1, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 1, 2007, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager